UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Ondigo LLC | : |
|            *Plaintiff* | : CIVIL ACTION |
| v. | : NO.   2:2020cv01126 |
| intelliARMOR LLC | : |
|            *Defendant* | : |

**ONDIGO LLC'S PROPOSED CONCLUSIONS OF LAW**

Plaintiff, Ondigo LLC, respectfully submits its Proposed Conclusions of Law.

1. On or around July 2019, the parties, Ondigo LLC ("Ondigo") and intelliARMOR LLC ("intelliARMOR"), entered into an agreement for Ondigo's purchase of $91,190.00 in goods from intelliARMOR (the "Agreement").

2. The Agreement involved the sale and delivery of goods to Pennsylvania and is therefore governed by Pennsylvania's Uniform Commercial Code, Article 2, 13 Pa.C.S. §§ 2101 *et seq*.  13 Pa.C.S. § 2102.

3. The Agreement was reduced in writing through a July 15, 2019 invoice (the "Invoice").  *See* 13 Pa.C.S. § 2201(b) (providing that an unsigned writing constitutes the parties' agreement as between two merchants for the sale of goods for the price of $500 or more if sent by the seller and not objected to by the buyer).

4. The Invoice was not intended by the parties as a complete and exclusive statement of the terms of the agreement and may therefore be explained or supplemented by consistent additional terms.  13 Pa.C.S. § 2202.

5. Prior to the Agreement, on June 5, 2019, upon request by Ondigo that intelliARMOR "confirm delivery timing" for the goods that were ultimately ordered through the Agreement, intelliARMOR sent Ondigo a spreadsheet which listed "Ship Date - Via Sea" for each of the goods that Ondigo later ordered. The shipment dates were all within 60 days of the date of the June 5, 2019 spreadsheet. intelliARMOR's June 5, 2019 representation that the goods at issue would ship within 60 days constituted consistent additional terms that may explain or supplement the Agreement. 13 Pa.C.S. § 2202.

6. The Invoice states a "Due Date" of September 3, 2019, but does not identify what the due date refers to. The Invoice is therefore ambiguous as to what was due on September 3, 2019. *See generally* Trizechahn Gateway LLC v. Titus, 976 A.2d 474, 483 (Pa. 2009). intelliARMOR's June 5, 2019 representation that the goods at issue would ship within 60 may be used to explain, clarify, or resolve the ambiguity with respect to the meaning of the "Due Date" referenced in the Invoice. Miller v. Poole, 45 A.3d 1143, 1146 (Pa. Super. 2012).

7. The "Due Date" referenced in the Invoice is consistent with intelliARMOR's June 5, 2019 representation that the goods at issue would ship within 60 days. In addition, on September 3, 2019, intelliARMOR explicitly promised to Ondigo that the goods at issue would be shipped within 15 days thereof. Until October 17, 2019, when it informed Ondigo that shipment was delayed due to a certification process required to begin production of some of the goods, intelliARMOR never communicated to Ondigo that any variables might delay

shipment beyond September 18, 2019.  In light of the foregoing circumstances, the Agreement included the parties' agreement that the goods at issue would ship within 60 days, on or around September 3, 2019.  13 Pa.C.S. § 2202.

8. In addition, the parties' agreement and understanding that the goods at issue would ship within 60 days established that 60 days constituted a reasonable time for shipment of the goods.  *See* 13 Pa.C.S. § 2309(a); 13 Pa.C.S. § 1205.

9. The parties never modified their agreement that the goods at issue would be shipped or around September 3, 2019.  *See* 13 Pa.C.S. § 2209(c) (requiring that any modification must be in writing with respect to a contract for the sale of goods for the price of $500 or more).

10. On November 19, 2019, intelliARMOR notified Ondigo that part of the goods at issue had shipped.  Ondigo orally notified intelliARMOR on November 20, 2019 that it would not accept shipment of the goods.  Prior to November 19, 2019, on October 17, 2019, intelliARMOR promised via email that it was then arranging partial shipment for the order and that the balance of the goods would be shipped and expedited via air shipment within 12 days.  Until November 19, 2019, intelliARMOR did not otherwise notify Ondigo that the shipment was delayed.  Because it was not apprised of any delays beyond what was represented in the October 17, 2019 email from intelliARMOR, Ondigo did not acquiesce to any delays beyond shipment as described in the October 17, 2019 email — *viz*, partial shipment via sea shortly after October 17, 2019 and expedited shipment via air by October 29,

2019 of the remainder of the order (*i.e.*, 12 days from October 19, 2019).  *See* 13 Pa.C.S. § 2602(a) (requiring that rejection must occur within a reasonable time after delivery or tender of goods).

11. On December 19, 2020, Ondigo again notified intelliARMOR, via email, that it would not accept delivery of the goods.  By that date, a material part of the order, consisting of 2,000 wall chargers at a cost of $17,000.00, still had not been shipped by intelliARMOR.  Ondigo therefore properly rejected the whole order at the time of its December 19, 2020 email.  *See* 13 Pa.C.S. § 2601 (permitting the buyer to reject the whole order if the goods or the tender of delivery fail in any respect to conform to the contract).

12. In failing to provide for timely shipment of the goods ordered by Ondigo pursuant to the Invoice, intelliARMOR breached the parties' Agreement. *See* 13 Pa.C.S. § 2601 (permitting a buyer to hold the seller in breach if the goods or the tender of delivery fail in any respect to conform to the contract). intelliARMOR's breach occurred on or around October 24, 2021, at which time intelliARMOR should have shipped part of the order as represented in its October 17, 2019 email (and at which point the balance of the goods were to be expedited by air shipment in 5 more days).

13. As a result of intelliARMOR's breach, Ondigo is entitled to damages in the amount of: $45,595.00 in deposit paid by Ondigo to intelliARMOR; $90,000.00 in lost profits; and interest at the legal rate of interest (6%) from the date of intelliARMOR's breach in the amount of $18,032.27.  13 Pa.C.S. §§ 2713, 2715.  *See*

*also* Frank B. Bozzo, Inc. v. Elec. Weld Div. of Fort Pitt Div. of Spang Indus., Inc., 498 A.2d 895, 898 (Pa. Super. 1985) (holding that lost interest constitutes a "reasonable expense incident to the delay or breach" as referenced in 13 Pa.C.S. § 2715); Pittsburgh Const. Co. v. Griffith, 834 A.2d 572, 590 (Pa. Super. 2003) (holding that a prevailing party in a contract case is entitled to prejudgment interest, as of right, at the legal rate of 6% from the date of the breach).  Ondigo is entitled to $153,627.27 in total damages.

                                                                                    _____
                                                                                    DAVID HUSSEY

Dated: December 28, 2021