IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ONDIGO LLC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| IntelliARMOR LLC | : | NO.  20-1126 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                                                                  January 3, 2022

      Defendant/Counterclaimant intelliARMOR has filed a consolidated motion which includes a motion in limine to preclude Plaintiff Ondigo from offering any testimony relating to the company's policies, procedures and/or damages, a motion in limine based on the parol evidence rule asking the court to preclude Plaintiff from offering any testimony contradicting the written agreement between the parties relating to the alleged delivery date, and a motion for a directed verdict.

      The case involves a contract for the purchase of various phone accessories by Ondigo from intelliARMOR, reflected in a purchase order dated July 11, 2019.  Doc. 1 Exh. A.  The crux of the dispute involves the shipping/delivery date for the items ordered. Ondigo expected the items to be delivered by October 2019, based upon the parties' communications prior to the issuance of the purchase order.  Doc. 1 ¶ 9.  On December 19, 2019, Ondigo communicated to intelliARMOR that it would not accept delivery of the items and requested return of its $45,595 deposit.  Id. ¶¶ 5, 6, 13, 14.  Plaintiff seeks damages including the return of the deposit and $90,000 in lost business opportunities. Id. 14, 15; Doc. 38 at 7 (¶ II(a)6).

IntelliARMOR denies that the parties' contract contained any agreement regarding shipment or delivery dates, Doc. 2 ¶ 11, and, in its counterclaim, seeks damages of $46,177.75, for lost business opportunities and the storage fees for the goods that Ondigo refused. Id. ¶¶ 50, 51.[1]

I.  **EVIDENCE OF ONDIGO'S POLICIES, PROCEDURES, AND DAMAGES**

The only witness identified by Ondigo is James Radack, who was Ondigo's general manager through approximately September 2019. Doc. 38 at 12. IntelliARMOR requests the court to limit Mr. Radack's testimony regarding the company's current policies, procedures, and/or damages because Mr. Radack has no personal knowledge of these issues. Doc. 41 at 5. According to Ondigo, Mr. Radack was the general manager "during most of the relevant time period at issue and . . . he stayed personally involved in the transaction at issue following his departure from Ondigo." Doc. 43 at 3. According to Ondigo, Mr. Radack "will testify as to relevant matters within his personal knowledge." Id. Thus, I am satisfied that the best course is to allow Mr. Radack to be called as a witness and to ensure that he does not testify beyond matters of which he has personal knowledge.[2]

---

[1] IntelliARMOR claims damages of $72,277.75, but found a liquidation buyer to whom it sold the rejected goods for $26,100. Doc. 42 ¶ 8.

[2] I note that intelliARMOR sought to strike Ondigo's demand for trial de novo after the arbitration arguing that Ondigo "failed to participate in the [arbitration] in a meaningful manner" by calling only Mr. Radack. Doc. 26 at 2-3. The Honorable Eduardo Robreno, to whom the case was assigned, denied intelliARMOR's motion. Doc. 33.

2

II.     **PAROL EVIDENCE**

IntelliARMOR next asks the court to preclude Ondigo from offering any testimony or evidence regarding shipping and/or delivery dates outside the terms of the written contract between the parties because it would violate the parol evidence rule. Ondigo argues that the parol evidence rule does not apply because the purchase order was not a complete expression of the parties' agreement and was ambiguous as to the shipment date.[3]

The parol evidence rule bars evidence beyond the four-corners of a complete written contract.

> Where the parties, without any fraud or mistake, have deliberately put their engagements in writing, the law declares the writing to be not only the best, but the only, evidence of their agreement. All preliminary negotiations, conversations and verbal agreements are merged in and superseded by the subsequent written contract . . . and unless fraud, accident or mistake be averred, the writing constitutes the agreement between the parties, and its terms and agreements cannot be added to nor subtracted from by parol evidence.

Gianni v. R. Russell & Co., 126 A. 791, 792 (1924) (internal quotations omitted). In Pennsylvania, the parol evidence rule applies when two conditions are satisfied:

> (1) . . . the written agreement "contains terms which directly deal with the subject matter of the alleged oral [or written] representation; and (2) [the written agreement] represents the entire contract between the parties . . . . .

---

[3]The parties appear to agree that their communications are relevant to whether intelliARMOR shipped within a "reasonable" time. Doc. 41 at 12-14; Doc. 43 at 9.

3

Hena v. Vandegrift, Civ. No. 18-762, 2020 WL 1158640, at *11 (W.D. Pa. March 10, 2020) (quoting Claude Worthington Benedum Found. v. Bank of New York Mellon Corp., 422 F. Supp.3d 940, 947 (W.D. Pa. 2019)) and (citing Yocca v. Pittsburgh Steelers Sports, Inc., 854 A.2d 425, 437 n.26 (Pa. 2004)).

The Pennsylvania Supreme Court has offered guidance on whether the written agreement is the entire contract.

> To determine whether or not a writing is the parties' entire contract, the writing must be looked at and "if it appears to be a contract complete within itself, couched in such terms as import a complete legal obligation without any uncertainty as to the object or extent of the [parties'] engagement, it is conclusively presumed that [the writing represents] the whole engagement of the parties . . . ."

Yocca, 854 F.2d at 436 (quoting Gianni, 126 A. at 792).

Here, intelliArmor relies on two documents, "[t]he relevant Purchase Order and Invoice," in arguing that the parties never agreed upon a shipping or delivery date. Doc. 41 at 8.[4] Based on this argument, the purchase order is not a complete contract because it was supplemented by the invoice. The purchase order contains prices for each item ordered and a total price of $91,190, while the invoice contains the same price information and requires a $45,595 deposit due by September 3, 2019. Neither document contains details on the final payment or a shipping or delivery date. I conclude that neither document constitutes "a complete legal obligation without any uncertainty as to the object or extent of the [parties'] engagement." Yocca, 854 A.2d at 436. Thus, the

---

[4] The purchase order, dated July 11, 2019, is Trial Exhibit Ondigo 1. The invoice, dated July 15, 2019, is Trial Exhibit Ondigo 14.

parol evidence rule does not bar the presentation of evidence regarding the parties' understanding regarding the delivery date.

## III. **DIRECTED VERDICT**

Finally, intelliArmor argues that it is entitled to a directed verdict if Ondigo is precluded from offering testimony from Mr. Radack regarding Ondigo's policies, procedures, damages, and any allegedly agreed upon shipping/delivery date. Doc. 41 at 11. Because I have determined that complete preclusion of Mr. Radack's testimony is improper and evidence regarding the parties' understanding of an alleged shipping/delivery date is not barred by the parol evidence rule, I will also deny intelliARMOR's motion for a directed verdict.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ONDIGO LLC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| IntelliARMOR LLC | : | NO.  20-1126 |

**O R D E R**

AND NOW, this 3rd day of January, 2022, upon consideration of intelliARMOR's Motion in Limine to Preclude Ondigo LLC from Offering any Testimony Relating to the Company's Policies, Procedures and/or Damages, and from Offering any Testimony Contradicting the Written Agreement Between the Parties Related to the Alleged Delivery Date, and for Directed Verdict (Doc. 41), the response (Doc. 43), and for the reasons in the accompanying memorandum, IT IS HEREBY ORDERED that the Motion is GRANTED in PART and DENIED in PART.  To the extent intelliARMOR sought to preclude Ondigo's witness from testifying about facts of which he had no personal knowledge, the motion is GRANTED.  To the extent intelliARMOR sought to preclude all testimony from Ondigo's witness, the Motion is DENIED.  IntelliARMOR's motion to preclude testimony contradicting the written agreement between the parties is DENIED.  IntelliARMOR's motion for directed verdict is DENIED.

BY THE COURT:

/s/ ELIZABETH T. HEY

_____
ELIZABETH T. HEY, U.S.M.J.