IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ONDIGO LLC | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| intelliARMOR LLC | : | NO. 20-1126 |

### MEMORANDUM AND ORDER

ELIZABETH T. HEY                                                      March 16, 2022

      During the course of a bench trial in this breach of contract case, the court asked defense counsel if any emails corroborated the testimony of his witness, the president of the Defendant company, regarding the status of production and certification of various accessories for cellphones that were the basis of the contract at issue. N.T. 1/10/22 at 229.[1] Defense counsel responded that there were and that he would include such documentation in Defendant's post-trial proposed Findings of Fact and Conclusions of Law. Id. at 253. When Defendant filed its supplemental proposed findings and conclusions (Doc. 52), it included emails responsive to the court's questions that had not been admitted into evidence and some which had not been produced in discovery. In

---

[1] My purpose in posing the question was to have counsel direct my attention to the exhibits in the record. "I know you have provided some emails, internal emails essentially from the manufacturer to [Defendant's President]. Is there one that corresponds to this September 3 email [in which the President stated] 'I am planning on shipping purchase order 5081 in 15 days.' Do we have the corresponding email from the manufacturer?" N.T. 1/10/22 at 229.

response to Defendant's proposed findings and conclusions, Plaintiff filed two motions for sanctions. Docs. 54 & 56.[2]

Plaintiff first sought sanctions pursuant to Federal Rules of Civil Procedure 26(g)(3) and 37(e) arguing that Defendant failed to produce all records within its possession, custody or control that were responsive to Plaintiff's discovery requests. Doc. 54-1 at 1. In that motion, Plaintiff asked the court to prohibit Defendant from introducing and relying on previously undisclosed records and, if such failure to disclose the records rose to the level of deliberate concealment, to also impose additional sanctions including monetary sanctions, the imposition of an adverse inference, judgment against Defendant, and/or the imposition of an appropriate fine to deter similar conduct in the future. Id. at 11-12.[3] In the most recent motion, Plaintiff argues that Defendant's proposed findings and conclusions contain numerous factual contentions that lack evidentiary support, warranting the imposition of Rule 11 sanctions. Doc. 56 at 1.

---

[2]On February 16, 2022, Plaintiff sent a letter arguing that several of Defendant's proposed findings lacked evidentiary support and several of the emails excerpted in Defendants' findings had not been provided to Plaintiff in discovery. Pl.'s Letter Feb. 16, 2022. (Plaintiff's letter is attached to the Motion for Rule 11 Sanctions. Doc. 56 at 4-8). Plaintiff asked the court to delay review of the proposed findings until Plaintiff had the opportunity to file a motion for sanctions or issue an order to show cause directing Defendant to address Plaintiff's allegations. Id. In response, Defendant sent a letter explaining that Defendant conducted a further search of emails and found several responsive to questions posed by the Court during the trial and included them in the proposed findings. Def.'s Letter Feb. 17, 2022. To the extent Plaintiff's letter complained that Defendant's proposed findings lacked evidentiary support, Defendant argued such contention was meritless. Id.

[3]Having received Plaintiff's first motion for sanctions and the response, I proceeded to prepare my Findings and Conclusions, without considering Defendant's additional documents. Doc. 57 n.17.

Defendant responds that certain emails contained in its proposed findings and conclusions were located after the trial, but responsive to questions posed by the court.

> Thus, pursuant to this Court's directions, [Defendant] then conducted a directed search of emails not stored on its local drive, and input a search looking for emails and documents using a specific date and identifying a specific factory representative. In the February 17, 2022 Response Letter, [Defendant] notified the Court (and [Plaintiff's counsel]) that certain emails and attachments that exceeded a certain size were automatically deleted from [Defendant]'s local storage by [Defendant]'s email management system policies. However, by logging into its server and inputting very specific terms and dates, [Defendant] was then able to regenerate and to subsequently locate the specific email excerpts which directly responded to the Court's request, and which information was consistent with [the President]'s testimony throughout the trial.

Doc. 55 at 5. With respect to the additional contentions that Defendant's proposed findings lacked evidentiary support and the proposed conclusions contained unwarranted legal contentions, Defendant responds that the argument is meritless. Id. at 8-12.

I.  **LEGAL STANDARDS**

Rule 26) requires that discovery responses be certified, including as to completeness and correctness, and provides for sanctions for improper certification.

> If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both.

F.R. Civ. P. 26(g)(3). Rule 37 likewise addresses the failure to make disclosures or cooperate in discovery and provides that the failure to provide information will result in an inability to use that information or witness in motions or at trial, unless the failure was

3

substantially justified or harmless. Id. R. 37(c)(1). Both provisions also allow for the imposition of reasonable expenses including attorney fees as a sanction for the failure. Id. R. 26(g)(3), 37 (c)(1)(A).

"Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990). "The standard for testing conduct under Rule 11 is reasonableness under the circumstances." Teamsters Local Union No. 430 v. Cement Exp., Inc., 841 F.2d 66, 68 (3d Cir. 1988). Violations of Rule 11 can be addressed by sanction to deter such conduct, which may include reasonable attorney fees caused by the violation. F.R. Civ. P. 11(c)(4).

## II. DISCUSSION

I begin with Plaintiff's argument under Rule 11 that Defendant's proposed findings and conclusions "contain numerous factual contentions that lack evidentiary support," and "legal contentions that are not warranted by existing law." Doc. 56 at 2-3. Although Plaintiff may disagree with the Plaintiff's proposed findings, I do not find that they lack evidentiary support. For example, Plaintiff complains about Defendant's characterization of the shipping dates which appear on a spreadsheet, claiming that Defendant's statement that shipping estimates were based on the timing of other similar orders was not supported by the record. Doc. 56 at 4. However, the President's testimony supports this factual finding. N.T. 1/10/22 at 117-19.

4

Similarly, Plaintiff contends that there was no factual support for Defendant's proposed finding that "[a]rrival in port was the trigger to place Ondigo's air shipment on a cargo aircraft for delivery." Doc. 58 at 8 (quoting Doc. 52 at 8 – Proposed Finding 27). Again, although Plaintiff may dispute the statement, the President testified that "the trigger" for the air shipment of wall chargers "was [the sea shipment] arriving in port." N.T. 1/10/22 at 148-49.

With respect to Defendant's proposed conclusions of law, I similarly find nothing sanctionable. Plaintiff takes issue with Defendant's proposals because the cases cited by Defendant are distinguishable from the facts of this case. Pl.'s Letter, Feb. 16, 2022, Doc. 56 at 6. The Third Circuit has held that "advocating new or novel legal theories" is not sufficient to trigger the imposition of Rule 11 sanctions. Gaiardo v. Ethyl Corp., 835 F.2d 479, 483 (3d Cir. 1987). Surely then, the mere fact that Defendant cited a case distinguishable from the facts before the court does not amount to sanctionable conduct.

The more concerning issue arises under the discovery rules, namely that after trial Defendant presented evidence that was discoverable but was not produced during the discovery process. As noted above, Defendant found emails responsive to the court's inquiries after trial. See supra at 3. Defendant concedes that the emails excerpted in Plaintiff's proposed findings 17, 18 and 20 were not produced in discovery, and explained that "[c]ertain emails and attachments that exceeded a certain size were automatically deleted from [Defendant]'s local storage," but were retrievable "[b]y

5

logging into [Defendant's] server and inputting specific terms." Def.'s Letter Feb. 17, 2022 at 2.[4]  Doc. 58 at 6-8.

Considering that the crux of this case was the timing of delivery, emails regarding production time with the production factories were relevant and discoverable, and indeed they were critical.  The fact that a search of the email system did not locate these emails is insufficient to excuse Defendant's failure to conduct a comprehensive search of its server for responsive documents.  See DR Distribs., LLC v. 21 Century Smoking, Inc., 513 F. Supp. 3d 839, 863 (N.D. Ill. 2021) (sanctioning producing party for failure to search for and produce responsive materials stored on third-party cloud server). Defendant's ability to conduct the necessary search is established by its performing the search immediately after the trial, and illustrates the inadequacy of its original search.

The Advisory Committee Notes to Rule 26(g) explains the responsibility the Rule imposes.

> The subdivision provides a deterrent to both excessive discovery and evasion by imposing a certification requirement that obliges each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an objection.  The term "response" includes answers to interrogatories and to requests to admit as well as responses to production requests.

F.R. Civ. P. 26(g), Advisory Committee Note (1983 Amendment).  The Note explains that "[t]he rule simply requires that the attorney make a reasonable inquiry into the

---

[4]Plaintiff also complained about Defendant's email excerpted at proposed finding 7.  But that email, although not entered into evidence at trial, was produced in discovery. See Pl.'s Letter, Feb. 16, 2022 (Doc. 56 at 4); Doc. 58 at 4.

6

factual basis of his response, request or objection," which "is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances."  Id.

Here, in light of Defendant's prompt finding of the documents following the trial, I cannot conclude that defense counsel's certification regarding its original production was reasonable.  Specifically, Defendant produced emails and other communications with Plaintiff's representative relaying expected shipping times that were based on communications with the production factories in China.  The corresponding communications between Defendant and the production facilities were missing despite the fact that Defendant clearly was capable of conducting a search to find them.  Thus, I conclude that discovery sanctions are appropriate.

As noted, Rule 37 prohibits the offending party from relying on nondisclosed information.  F.R. Civ. P. 37(c).  Beyond that mandatory sanction, Rule 37 allows the court to impose additional penalties including the payment of reasonable expenses, striking the pleading, entering default judgment, or dismissing the action.  As previously stated, I did not review or rely on the offending emails included in the Defendant's proposed findings and conclusions, and therefore the mandatory component of the rule is satisfied.

I also believe a monetary sanction is appropriate.  I note that I rejected many of the arguments contained in Plaintiff's letter and motions for sanctions and that the motions were significantly duplicative of the arguments presented in the letter.  Therefore, I will award Plaintiff $750 for the fees associated with the letter and the motions for sanctions.

A greater sanction is not necessary, as I do not find that Defendant's omission was deliberate.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ONDIGO LLC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| intelliARMOR LLC | : | NO. 20-1126 |

**O R D E R**

AND NOW, this 16th day of March, 2022, upon consideration of the Letters sent by Plaintiff and Defendant regarding Defendant's supplemental proposed findings of fact and conclusions of law, Plaintiff's motions for sanctions (Docs. 54 & 56) and the responses (Docs. 55 & 58), and for the reasons stated in the accompanying Memorandum, IT IS HEREBY ORDERED that Plaintiff's Motions are GRANTED IN PART and DENIED IN PART. The court finds that Defendant violated its discovery obligations by failing to conduct a thorough search for emails response to Plaintiff's discovery requests. As a sanction, the court did not consider or rely upon the offending emails in preparing the Findings of Fact and Conclusions of Law. In addition, Defendant shall pay Plaintiff $750 in fees/costs related to the preparation of the February 16, 2022 letter and the motions to the extent Plaintiff challenged the production of these emails after the trial. In all other respects Plaintiff's motions are DENIED.

BY THE COURT:

/s/ ELIZABETH T. HEY
_____
ELIZABETH T. HEY, U.S.M.J.